**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

**COURT FILE NO:  CV-**

| | | |
|---|---|---|
| **WILLIAM PRATT, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **MIDLAND FUNDING LLC,** | ) | |
| **a Delaware limited liability company,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LYONS, DOUGHTY AND VELDHUIS, P.A.,** | ) | |
| **a Delaware professional association,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.      JURISDICTION AND VENUE**

1.      Jurisdiction arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 *U.S.C. § 1692 et seq.* and 28 *U.S.C. § 1367* for pendent state law claims.

2.      Midland Funding LLC is a Delaware limited liability company subject to personal jurisdiction in the State.

3.      Lyons, Doughty and Veldhuis, P.A. is a Delaware professional association subject to personal jurisdiction in the State.   Venue is proper in this District under 13 *U.S.C. § 1391(b)(1) or (b)(2),* because a substantial portion of the acts giving rise to this litigation occurred within this District, Plaintiff resides here and Defendants transact business here.

## II.     PARTIES

4.     Plaintiff, William Pratt, Jr. ("Plaintiff"), is a natural person residing in New Castle County, Delaware and is a "consumer" as that term is defined by 15 *U.S.C. § 1692a(3)* and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 *U.S.C. § 1692k.*

5.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 *U.S.C. § 1692a(5).*

6.     Midland Funding ("Midland") is a Delaware limited liability company with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 *U.S.C. § 1692a(6)*, and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

7.     Lyons Doughty and Veldhuis, P.A. (the "Lyons Firm") is a Delaware Professional Association with its principal place of business at 15 Ashley Place, Suite 2B, Wilmington, Delaware and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Delaware Intercorp, LLC, 113 Barksdale Professional Center, Newark, Delaware 19711, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 *U.S.C. § 1692a(6)*, and acted by and through its

owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

8.      All named Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due, asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

9.      At all times material and relevant hereto, Defendants are individually, jointly and severally liable to Plaintiffs, and/or liable through the principles of *respondeat superior*, agency and apparent agency.

### III.      FACTUAL ALLEGATIONS

10.     The alleged debt arose from Plaintiff's agreement with OneMain Financial, Inc. for consumer funds.

11.     On February 4, 2016, Defendant Midland Funding, as assignee of OneMain Financial Issue Trust 2014-1, filed in the Delaware Court of Common Pleas ("CCP") a debt collection action against Plaintiff.  (See Exhibit A, attached.)

12.     Defendant Midland, acting by and through its agent Defendant Lyons Firm, failed to identify the full chain of assignment of the alleged debt, and failed to identify any link between OneMain Financial, Inc. and Midland, in the state court action.

13.     Defendants alleged in the state court Complaint that Plaintiff had entered into an agreement with OneMain Financial Issue Trust 2014-1.

14.     Defendants referenced and attached to the state court Complaint an agreement between Plaintiff and OneMain Financial, Inc. on or about 8/24/2011.

15.     OneMain Financial Inc. and OneMain Financial Issue Trust 2014-1 are separate and distinct entities.

16.     In fact, OneMain Financial Issue Trust 2014-1 was not even in existence on or about 8/24/2011.

17.     Therefore, Defendants falsely represented the character of the alleged debt.

18.     Defendants represented in the attachments to the state court Complaint that Plaintiff had made a payment to OneMain Financial, Inc. on April 12, 2014 in the amount of $609.39.

19.     Plaintiff did not make the aforementioned payment.

20.     In fact, Plaintiff made no payments to OneMain Financial in 2014, or at any time after.

21.     Plaintiff had no contact with OneMain Financial or its assigns in 2014, or at any time after.

22.     At the time the lawsuit was filed in Delaware CCP, Defendant Midland's claim against Plaintiff was time-barred by the applicable statute of limitations.

23.     Defendants Midland and Lyons Firm failed to effectuate service of process on Plaintiff within 120 days.

24.     Defendants never sought the state court's permission to enlarge the time for service.

25.     Thereafter, Defendants Midland and Lyons Firm claim to have had Plaintiff served more than 120 days from the filing of the state court Complaint.

26.     Plaintiff disputes that he was ever served with the CCP Summons and Complaint.

27.     Despite the improper service and the consequent lack of personal jurisdiction over Plaintiff, Defendants nonetheless directed the Clerk of Court of CCP to enter default judgment against Plaintiff. (See Exhibit B, attached).

28.     Pursuant to Defendants' instructions to the Clerk of Court, default judgment was entered against Plaintiff on 10/14/2016 in the amount of $6,052.61.

29.     Thereafter, Defendants filed a wage attachment in CCP and have been collecting about $500 biweekly from Plaintiff's wages.

## IV.   CAUSES OF ACTION

### -   COUNT 1   -
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 *U.S.C.* § 1692, *et seq.*
### (Plaintiffs v. All Defendants)

30.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31.     Defendants' actions toward Plaintiff, as aforestated, were materially false, deceptive, unfair, unconscionable and misleading as follows:

   a.   Defendants violated 15 *U.S.C.* § 1692d, generally, by engaging in conduct the natural consequence of which was to harass, oppress or abuse any person. This occurred when Defendants acted to collect money to which they were not legally entitled through the use of the state court system and garnishment/wage attachment proceedings involving third parties.  Defendants knew or should have known upon a reasonable investigation, that such debt was erroneous;

b.   Defendants violated 15 *U.S.C. §* 1692e, generally, by making false, deceptive or misleading representations in connection with the debt collection in their misrepresentations to the state court as previously set forth in this Complaint;

c.   Defendants violated 15 *U.S.C. §* 1692e(2) by misrepresenting the character and amount of the debt, as well as the name and status of the judgment creditor in pleadings and representatins to the courts as previously set forth in this Complaint; and

d.   Defendants violated 15 *U.S.C. §* 1692f by using unfair or unconscionable practices including, but not limited to, engaging in the collection of an amount which was not expressly authorized by the agreement creating the debt and/or which was not permitted by law, and by misusing the state court system to collect monies to which the Defendants were not entitled.

e.   Defendants falsely represented that Plaintiff made a payment in the amount of $609.39 on April 12, 2014.

f.   Defendants falsely represented the parties to the alleged debt contract.

g.   Defendants falsely represented that the alleged debt was not time-barred.

h.   Defendants falsely represented the amount of the alleged debt.

i.   Defendants falsely represented that Midland was entitled to default judgment against Plaintiff.

j.   Defendants falsely represented that Midland was entitled to judgment against Plaintiff.

32.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 *U.S.C. § 1692, et seq.*

33.     As a direct and proximate result of Defendants' improper collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

34.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to his reputation.

35.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered monetary damages including, but not limited to, the garnishment of wages which were not owed to Defendants.

36.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorney's fees.  As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 *U.S.C. § 1692k.*

## COUNT 2   -
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiffs v. All Defendants)

37.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

38.     In the face of their statutory duties, fiduciary duties and pecuniary duties to provide accurate information, all Defendants failed to exercise reasonable care in that they provided and communicated false and inaccurate information regarding an alleged consumer debt owed by Plaintiff in this case.  False information was communicated to the state court and to Plaintiff's

employer in pleadings and representations to the Delaware Court of Common Pleas, as well as in documents sent to Plaintiff's employer.

      39.     As a result, the actions of the Defendants in this case have caused Plaintiff to suffer injuries and damages as set forth herein above, and Plaintiff is entitled to actual damages, individually, jointly and severally, in an amount to be determined at trial from each Defendant, plus interest thereon, costs, attorneys' fees, punitive damages, interest, and such other relief as the Court deems appropriate.

-   **COUNT 3**   -
**NEGLIGENT MISREPRESENTATION**
**(Plaintiff v. All Defendants)**

      40.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

      41.     Defendants' specific acts and omissions by

      a.   making false, deceptive or misleading representations in furtherance of its debt collection attempts to the state court as previously set forth in this Complaint; and

      b.   making false, deceptive or misleading representations in furtherance of its debt collection attempts to Plaintiff's employer as previously set forth in this Complaint;

induced the Plaintiff originally and for a limited time to acquiesce to Defendant's wage attachment and to not contest the amount and validity of the judgment.

      42.     Defendants falsely represented to Plaintiff and to the state court that OneMain Financial Issue Trust 2014-1 was Plaintiff's original creditor for an alleged debt incurred on or about 8/24/2011.

43.     Defendants knew or should have known that OneMain Financial Issue Trust 2014-1 was not in existence at the time the alleged loan was incurred and that OneMain Financial Issue Trust 2014-1 was not a party to the document that Defendants attached to their state court Complaint.

44.     Defendants knew or should have known that Plaintiff did not make a payment to OneMain Financial Inc., or its assigns in April 2014.

45.     Defendants falsely represented to the state court that Midland was entitled to default judgment against Plaintiff.

46.     Defendants knew or should have known that Plaintiff was not served with the state court summons and Complaint until after 120 days had passed since the filing of the Complaint and that, therefore, Midland was not entitled to default judgment against Plaintiff.

47.     Defendants knew or should have known that Midland was not entitled to a default judgment against Plaintiff because Defendants did not allege or demonstrate that Plaintiff had entered into an agreement at any time to pay OneMain Financial Issue Trust 2014-1.

48.     These falsely represented facts were material, because they caused the state court to enter a default judgment against Plaintiff, and caused Plaintiff for a time to believe that he had no right to contest the judgment and/or the wage attachment.

49.     Defendants should have known the representations were false at the time they were made, and represented them to be true when, in fact, they were not.

50.     Plaintiff relied and acted on the Defendants' false representations.

51.     Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

52.     Defendants directly benefited from these misrepresentations in that they were able to obtain a judgment to which they were not entitled and to collect through wage attachments amounts to which they were not entitled.

53.     Plaintiff has been seriously damaged as a result of Defendants' misrepresentations, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

-   **COUNT 4**   -
**NEGLIGENCE**
**(Plaintiff v. All Defendants)**

54.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55.     Defendants had the duty to act in good faith as a reasonably prudent person toward the Plaintiffs under common law, as well as under the contracts and statutes at issue in this case.

56.     Defendants breached their duties of care by failing to act in good faith towards the Plaintiff by:

  a.      seeking to collect money the Plaintiffs did not owe;

  b.      failing to have reasonable procedures to ensure proper prosecution of civil claims;

  c.      failing to properly identify the real party in interest in the state Court;

  d.      improperly directing the clerk of state court to enter judgment to which they were not entitled;

  e.      improperly collecting through wage attachment proceedings an amount to which they were not entitled;

f.      failing to maintain (*i.e.,* actually employ or implement) procedures reasonably adapted to avoid errors under the FDCPA;

g.      failing to promptly repay the amount owed to Plaintiff.

57.     Defendants breached their duties of care by:

a.       attempting to collect, and collecting an erroneous debt;

b.      failing to maintain procedures (*i.e.,* actually employ or implement) to avoid errors under the FDCPA;

c.      using language in its communications made in connections with the collection of a debt that would be false, deceptive, or misleading to the least sophisticated consumer;

d.      Engaging in conduct that would be unfair during its attempts to collect a debt.

58.     Each Defendant's failure to act as a reasonably prudent person has caused Plaintiff to incur injuries and damages as set forth herein above, and he is entitled to his actual damages, nominal and compensatory damages, expectancy damages, costs and attorneys' fees, interest and whatever other relief this Court deems is just.

## COUNT 5
## COMMON LAW FRAUD
### (Plaintiff v. All Defendants)

59.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60.     Defendants' specific acts and omissions were knowing and intentional so as to induce the Plaintiff to not contest the amount of the judgment, the means by which it was being garnished, the accumulation of interest after the judgment creditor had notified Plaintiff that no

more interest would be assessed, the escalation of the debt when it should have been decreasing, and the party to whom the garnishment payments were being delivered.

61.     Defendants knew that the document on which they based their debt collection was an alleged contract between Plaintiff and OneMain Financial, Inc.

62.     Defendants sued Plaintiff in state court based on an alleged agreement between Plaintiff and OneMain Financial Issue Trust 2014-1.

63.     No agreement existed between Plaintiff and OneMain Financial Issue Trust 2014-1.

64.     Defendants knew or should have known that no agreement existed between Plaintiff and OneMain Financial Issue Trust 2014-1.

65.     Defendants knew or should have known that Plaintiff made no payment on the alleged debt in April 2014.

66.     Defendants nonetheless represented that Plaintiff made a payment in the amount of $609.39 on April 12, 2014.

67.     Defendants falsely represented the identity of the party to the alleged debt contract.

68.     Defendants falsely represented that the alleged debt was not time-barred.

69.     Defendants falsely represented the amount of the alleged debt.

70.     Defendants falsely represented that Midland was entitled to default judgment against Plaintiff.

71.     Defendants falsely represented that Midland was entitled to judgment against Plaintiff.

72.     These falsely represented facts were material, because they would have caused Plaintiff, an unrepresented party, to lodge no defense to the collection lawsuit or execution of judgment by these debt collectors.

73.     Defendants knew the representations were false at each of the times they were made in the pleadings and representations in the state court and in representations to Plaintiff's employer, and represented them to be true when in fact they were not.  The false representations were made:

   a.  In the Complaint filed in Delaware Court of Common Pleas on or about February 4, 2016;

   b.  In the direction to the clerk of the Delaware Court of Common Pleas to enter default judgment filed on or about 10/14/2016; and

   c.  In the wage attachment filed on or about 10/31/2016 in the Delaware Court of Common Pleas, and served on Plaintiff's employer.

74.     The false representations were made by Defendants intending that Plaintiff rely on them and to induce Plaintiff to pay and alleged debt that he did not owe and was not legally obligated to pay.

75.     Plaintiff relied and acted on the Defendants' false representations.

76.     Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

77.     Defendants directly benefited from these fraudulent statements in that they were able to obtain a judgment and to continue collecting amounts to which they were not entitled.

78.     Plaintiff has been seriously damaged as a result of Defendants' fraud, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

**COUNT 6**
**INTENTIONAL MISREPRESENTATION**
**(Plaintiff v. All Defendants)**

79.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

80.     Defendants' specific acts and omissions were knowing and intentional so as to

cause the state court to award amounts not owed by Plaintiff and to induce the Plaintiff to not

contest the amount of the judgment, the means by which it was being garnished, and the party to

whom the garnishment payments were being delivered.

81.     Defendants knew that the alleged debt was time-barred.

82.     Defendants knew that Plaintiff had not entered into an agreement with the OneMain

Financial Issue Trust 2014-1.

83.     Defendants falsely represented to the state court that the document attached to the

Complaint evidenced a contract between Plaintiff and OneMain Financial Issue Trust 2014-1.

84.     Defendants falsely represented that OneMain Financial Issue Trust 2014-1 was a

party to a contract with Plaintiff.

85.     Defendants falsely represented the amount of the alleged debt.

86.     These falsely represented facts were material, because they would have caused

Plaintiff, an unrepresented party, to lodge no defense to the collection lawsuit or execution of

judgment by these debt collectors.

87.     Defendants knew the representations were false at the time they were made, and

represented them to be true when, in fact, they were not.

88.     The false representations were made by Defendants intending that Plaintiff rely on

them and to induce Plaintiff to pay a debt which was not owed or to overpay an alleged debt.

89.     Plaintiff relied and acted on the Defendants' false representations.

90.     Plaintiff was harmed as a direct result of relying on the Defendants' false representations.

91.     Defendants directly benefited from these misrepresentations in that they were able to continue charging and collecting amounts to which they were not entitled.

92.     Plaintiff has been seriously damaged as a result of Defendants' misrepresentations, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages, punitive damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

**COUNT 7**
**ABUSE OF PROCESS**
**(Plaintiff v. All Defendants)**

93.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

94.     Defendants used the default judgment procedure of the Delaware Court of Common Pleas to direct the clerk of court to enter a judgment to which they were not entitled. Specifically, when faced with an unrepresented party who had not yet appeared in the state court matter, Defendants directed the state court clerk on 10/31/2016 to enter default judgment (1) based on a contract which did not and could not have existed, and (2) based on improper service, (3) against a party over which the court had no personal jurisdiction because of the improper service.

95.     Defendants used the garnishment procedure of the Delaware Court of Common Pleas to collect a judgment which was improperly obtained.

96.     Defendants' actions constitute willful use of the processes of the Delaware state courts for an improper purpose, *i.e.* to collect amounts to which they were not legally entitled.

97.     Defendants' actions constitute willful use of the processes of the Delaware state courts for an ulterior purpose, *i.e.,* to collect amounts to which they were not legally entitled.

98.     Plaintiff has been seriously damaged as a result of Defendants' abuse of process, and is entitled to his actual damages, nominal and compensatory damages, expectancy damages, punitive damages, costs and attorney's fees, interest and whatever other relief this Court deems is just.

## V.      PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Pratt, Jr., respectfully demands judgment and damages from Defendants, individually, jointly and severally, as aforestated herein above and as follows:

### COUNT 1

- for an award of actual damages pursuant to 15 *U.S.C.* § 1692k(a)(1) against all Defendants, jointly and severally, and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 *U.S.C.* §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 *U.S.C.* § 1692k(a)(3) against all Defendants, jointly and severally, and for Plaintiff;

### COUNT 2

- for actual, nominal and compensatory damages, costs, interest, punitive damages, injunctive relief and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff;

## COUNT 3

- for actual, nominal and compensatory damages, costs, interest, punitive damages, injunctive relief and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff;

## COUNT 4

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## COUNT 5

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## COUNT 6

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## COUNT 7

- for actual, nominal and compensatory damages, costs, interest, punitive damages and such other and further relief as this Court deems just, against all Defendants, jointly and severally, and for Plaintiff.

## VII.   DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so

triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted,


By:/s/Mary Higgins
        Mary Higgins, Esquire (I.D. #4179)
        Mary Anne McLane Detweiler (ID #3415)
        University Office Plaza
        Commonwealth Building
        260 Chapman Road, Suite 201
        Newark, DE  19713
        (ph) 302-894-4357
        **mary.higgins@letsbelegal.com**
        Attorney for Plaintiff William Pratt, Jr.

Dated:  February 6, 2017